IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

OCT 2 6 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JENNIFER SANDERS, REG. #17739045, | § § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-3552 |
| JOYCE FRANCIS, *et al.*, | § § § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER ON DISMISSAL

Petitioner Jennifer Sanders, a federal inmate proceeding *pro se,* seeks habeas corpus relief pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons's (BOP) policy regarding placement of prisoners in a community confinement center (CCC). Petitioner is presently confined at the Bryan Federal Prison Camp in Bryan, Texas.

Petitioner asserts that, due to a BOP policy change promulgated in December of 2002 and finalized effective as of February 14, 2005, she is no longer eligible for placement in a CCC until the last ten percent of her sentence, in violation of 18 U.S.C. § 3621(b).

Petitioner concedes that she has failed to exhaust her administrative remedies by presenting her claims to the BOP before filing this suit. The Fifth Circuit has determined that a federal prisoner seeking relief under 28 U.S.C. § 2241 must first exhaust administrative remedies through the BOP. *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The BOP has established a three-tiered administrative remedy procedure for federal

prisoners. *See* 28 C.F.R. §§ 542.10 – 542.19 (2003). Under this system, an inmate may file a formal grievance with the warden if informal resolution is not successful. *Id.* at § 542.13. Once the warden denies an inmate's grievance, the prisoner may appeal to the Regional Director. If dissatisfied with that response, the inmate may pursue a final appeal to the BOP's Office of General Counsel. *Id.* at § 542.15(a). Until then, administrative remedies have not been exhausted.

Petitioner argues that she should not be required to exhaust her administrative remedies in this instance because it would be futile to do so. Exceptions to the exhaustion requirement are appropriate only where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The petitioner bears the burden of showing the futility of exhaustion. *Id.* Petitioner acknowledges that the February 2005 final rule provides for certain exceptions and individual considerations. Because petitioner has not clearly shown that exhaustion would be futile, her petition is therefore subject to dismissal for failure to exhaust administrative remedies.

Moreover, and although no circuit court of appeals has addressed the new February 2005 policy, an overwhelming majority of the district courts to consider challenges similar to those raised here by petitioner have upheld the policy. *See, e.g., Morales v. Francis*, Civil Action No. H-05-2955 (S.D. Tex., October 5, 2005), 2005 WL 2467691, at *4 (listing relevant cases).

2

Accordingly, the petition for a federal writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. All other pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 26 day of October, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE